**STATE of Maine**

v.

**Stetson GEIGER.**

Supreme Judicial Court of Maine.

Argued March 20, 1989.

Decided April 14, 1989.

James E. Tierney, Atty. Gen., Rae Ann French (orally), Asst. Atty. Gen., Augusta, for the State.

William Thomas Hyde (orally), Merrill & Hyde, Skowhegan, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Stetson Geiger appeals from his conviction of aggravated assault with a firearm (17–A M.R.S.A. § 208 (1983)) after a jury trial in Superior Court (Piscataquis County; *Smith, J.*). He now challenges an evidentiary ruling as well as the trial court's refusal to instruct the jury that the inn where the shooting took place was "his dwelling place" within the meanings of 17–A M.R.S.A. § 2(10) and 108(2)(C)(3)(a) (1983).

Geiger offered testimony of a witness who allegedly heard the victim and friends talking about bail before leaving for the inn. The trial court excluded the testimony on the basis that it would confuse the jury and had no probative value. M.R.Evid. 403. We find that the trial court did not abuse its discretion by this ruling. *State v. Gagnon*, 383 A.2d 25 (Me.1978).

Geiger further contends that the trial court erred in refusing to instruct the jury that the inn was "his dwelling place" under 17–A M.R.S.A. § 108(2)(C)(3)(a).[1] If the inn were his dwelling place, Geiger would not have been required to retreat to safety because Maine law permits defense of one's home. In urging this interpretation, Geiger points to the definition in 17–A M.R. S.A. § 2(10) which defines dwelling as "... [A] structure which is adapted for overnight accommodation of persons, or sections of any structure similarly adapted."

The hallway the victim entered led to both the public area of the inn and the stairs to Geiger's third floor apartment. While the statute does provide protection for structures adapted for overnight accommodation, it offers qualified protection for structures in which only sections are adapted for that accommodation. It is clear that the Red Maple Inn had both an area open to the public and a section which was Geiger's dwelling place. Since Geiger was not in his dwelling section, but in the public access section at the time the assault occurred he had a duty to retreat from the altercation before resorting to the use of deadly force. Therefore, we find no error in the trial court's instruction.

The entry is:

Judgment affirmed.

All concurring.

---

1. In pertinent part section 108(2)(C) provides: ... a person is not justified in using deadly force as provided in paragraph A [for self-defense], if

.　　.　　.　　.

(3) He knows that he ... can, with complete safety

(a) retreat from the encounter, except that he ... is not required to retreat if he ... is in his dwelling place and was not the initial aggressor....